IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| J.H. PARKER CONSTRUCTION COMPANY, INC. | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 07-183C |
| THE UNITED STATES, | ) | (Judge Damich) |
| Defendant. | ) | |

DEFENDANT'S ANSWER

For its answer to the complaint, defendant, the United States, admits, denies, and alleges as follows:

1. The allegations contained in paragraph 1 are conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

2. The allegations contained in paragraph 2 are conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied, except admits that the contracting officer did not issue a decision within 60 days after receipt of a certified claim submitted by the plaintiff.

3. Admits.

4. Admits.

5. The allegations contained in paragraph 5 are conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied, except admits that the contracting officer considers the claim to be deemed

denied.

6. The allegations contained in paragraph 6 are conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied, except admits that the contracting officer considers this appeal to have been filed within 12 months from the date that the claim was deemed denied.

7. Denies the allegations contained in paragraph 7 for lack of knowledge or information sufficient to form a belief as to their truth.

8. Admits that the United States is the defendant; denies the remainder of the allegations contained in paragraph 8.

9. Admits the allegations contained in the first sentence of paragraph 9 to the extent supported by the document cited, which is the best evidence of its contents; otherwise, denies the allegations contained in the first sentence of paragraph 9. The allegations contained in the second sentence of paragraph 9 are plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied, except admits that the plaintiff submitted a bid.

10. Admits.

11. Admits the allegations contained in the paragraph 11 to

the extent supported by the contract cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 11.

12. Admits the allegations contained in the paragraph 12 to the extent supported by the design referenced in the contract, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 12.

13. Denies, except admits that a purpose of the contract was to create a recreational lake and related facilities.

14. Admits the allegations contained in the paragraph 14 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 14.

15. The allegations contained in paragraph 15 are plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

16. Admits the allegations contained in the paragraph 16 to the extent supported by the specification cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 16.

17. The allegations contained in paragraph 17 are plaintiff's characterization of its case to which no response is

required; to the extent they may be deemed allegations of fact, they are denied.

18. The allegations contained in paragraph 18 are plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied, except admits that work was suspended from September 25 through September 30, 2002 due to rain.

19. The allegations contained in paragraph 19 are plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied, except admits that the parties met after some concrete cellular blocks were dislodged by rains in September and October 2002.

20. The allegations contained in paragraph 20 are plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

21. Admits the allegations contained in the paragraph 21 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 21.

22. Admits the allegations contained in the paragraph 22 to the extent supported by the letter cited, which is the best

evidence of its contents; otherwise, denies the allegations contained in paragraph 22.

23. Denies, but admits that representatives of the United States stated that the design for concrete cellular blocks was not defective.

24. Denies, but admits that the plaintiff resumed work on or about October 16, 2002.

25. Denies, but admits that in late October 2002, following heavy rain, concrete cellular blocks were dislodged and blowouts were found under the concrete cellular block layer.

26. The allegations contained in paragraph 26 are plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied, except admits that the parties met and inspected the damaged concrete cellular block section that had been partially constructed by the plaintiff.

27. Denies.

28. Denies.

29. Admits the allegations contained in the paragraph 29 to the extent supported by the memorandum cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 29.

30. The allegations contained in paragraph 30 are

plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied, except admits that contract amendment P00004 was issued on January 10, 2003.

31. Admits the allegations contained in the paragraph 31 to the extent supported by the modification cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 31.

32. The allegations contained in paragraph 32 are plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied, except admits that top soil was not available at all designated sites on every day following January 10, 2003.

33. Denies.

34. Denies.

35. Denies.

36. Admits the allegations contained in the paragraph 36 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 36.

37. The allegations contained in paragraph 37 are plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact,

they are denied, except admits that modification P00004 does not expressly designate the site where top soil should be obtained.

38. Denies the allegations contained in paragraph 38 for lack of knowledge or information sufficient to form a belief as to their truth.

39. Admits.

40. The allegations contained in paragraph 40 are plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied, except admits that after the plaintiff offered excuses, the defendant issued a cure notice to plaintiff.

41. Denies, but admits that plaintiff claimed to be ahead of schedule on September 30, 2002.

42. The allegations contained in paragraph 42 are plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

43. Denies.

44. The allegations contained in paragraph 44 are plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

45. Admits the allegations contained in the paragraph 45 to

the extent supported by the contract cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 45.

46. Denies.

47. Denies.

48. Denies.

49. Denies.

50. The allegations contained in paragraph 50 are plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied, except admits that plaintiff alleged differing site conditions, and that the defendant did not agree.

51. Admits the allegations contained in the paragraph 51 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 51.

52. Denies the allegations contained in paragraph 52 for lack of knowledge or information sufficient to form a belief as to their truth.

53. The allegations contained in paragraph 53 are plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied, except admits that plaintiff alleged differing

site conditions, and that the defendant did not agree.

54. Denies.

55. Admits the allegations contained in the paragraph 55 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 55.

56. Denies.

57. Admits the allegations contained in the paragraph 57 to the extent supported by the contract and the report cited, which are the best evidence of their contents; otherwise, denies the allegations contained in paragraph 57.

58. The allegations contained in paragraph 58 are conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

59. Denies.

60. Denies.

61. Admits the allegations contained in the paragraph 61 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 61.

62. Denies.

63. Admits the allegations contained in the paragraph 63 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 63.

64. The allegations contained in paragraph 64 are plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

65. The allegations contained in paragraph 65 are conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

66. Admits the allegations contained in the paragraph 66 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 66.

67. The allegations contained in paragraph 67 are plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

68. The allegations contained in paragraph 68 are plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact,

they are denied, except admit that plaintiff's actions were not sufficient to control pollution and sedimentation at all times.

69. The allegations contained in paragraph 69 are plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied, except admits that defendant directed plaintiff to comply with contractual requirements to seed and plant vegetation.

70. The allegations contained in paragraph 70 are plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied, except admits that the erosion control methods specified in the reprocurement contract were not identical to the erosion control methods in plaintiff's contract.

71. Denies.

72. The allegations contained in paragraph 72 are plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied, except admits that requests for time extensions were denied.

73. Admits the allegations contained in the paragraph 73 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise, denies the allegations

contained in paragraph 73.

74. The allegations contained in paragraph 74 are conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied, except admits that defendant made some calculations based upon the total number of weather delays permitted over the life of the contract.

75. Admits.

76. Denies.

77. The allegations contained in paragraph 77 are conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied, except admits that plaintiff's contract was terminated for failure to make progress.

78. The allegations contained in paragraph 78 plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied, except admits that the terms of the reprocurement contract were not identical to the terms of plaintiff's contract.

79. The allegations contained in paragraph 79 are conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied, except admits that

plaintiff previously filed a case docketed as 04-471C.

80. The allegations contained in paragraph 80 are plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied, except admits that one aspect of the relief sought in an earlier case was to transform a termination for default to a termination for convenience.

81. Admits the allegations contained in the paragraph 81 to the extent supported by the settlement agreement cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 81.

82. The allegations contained in paragraph 82 are plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

83. The allegations contained in paragraph 83 are conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied, except admits that plaintiff complained about the design of the concrete cellular block structure shortly after beginning construction of that structure.

84. The allegations contained in paragraph 84 are

conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

85. The allegations contained in paragraph 85 are conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

86. Admits.

87. Admits the allegations contained in the paragraph 87 to the extent supported by the transcript cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 87.

88. The allegations contained in paragraph 88 are conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

89. Admits.

90. Admits.

91. Admits.

92. Admits.

93. Admits.

94. Admits.

95. Admits.

96. Defendant's responses to paragraphs 1 through 95 of the complaint are incorporated by reference.

97. Admits the allegations contained in the paragraph 97 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 97.

98. The allegations contained in paragraph 98 are conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

99. Denies.

100. Denies.

101. The allegations contained in paragraph 101 are plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

102. The allegations contained in paragraph 102 are plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

103. The allegations contained in paragraph 103 are plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

104. The allegations contained in paragraph 104 are conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

105. Denies.

106. Defendant's responses to paragraphs 1 through 105 of the complaint are incorporated by reference.

107. Admits the allegations contained in the paragraph 107 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 107.

108. Admits the allegations contained in the paragraph 108 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 108.

109. The allegations contained in paragraph 109 are conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

110. The allegations contained in paragraph 110 are conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

111. The allegations contained in paragraph 111 are

conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

112. Denies.

113. Denies.

114. Defendant's responses to paragraphs 1 through 113 of the complaint are incorporated by reference.

115. The allegations contained in paragraph 115 are conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

116. The allegations contained in paragraph 116 are conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

117. The allegations contained in paragraph 117 are conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

118. Denies.

119. Denies.

120. Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph

119, or to any relief whatsoever.

121. Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

S/Bryant G. Snee
BRYANT G. SNEE
Assistant Director

S/ James W. Poirier
JAMES W. POIRIER
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L St, N.W
Washington, D.C. 20530
Tele: 202-307-6289
Fax: 202-514-7969

May 16, 2007

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on May 16, 2007, a copy of the foregoing "DEFENDANT'S ANSWER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

S/ James W. Poirier